**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| ENRIQUEZ ASKEW, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | No. 4:20-CV-788 RLW |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent, | ) | |

**MEMORANDUM AND ORDER**

Before the Court is a document titled, "Affidavit and Declaration for Void Judgment." For the reasons outlined below, movant will be provided time to amend his motion to vacate.

**Background**

On May 8, 2017, movant pled guilty to three counts of theft of government funds in violation of 18 U.S.C. §§ 641 and 2. On August 10, 2017, defendant was sentenced to eight (8) months on each of the three offenses, to run concurrently. His sentence was to run consecutive to the sentence imposed in the Circuit Court of St. Louis County, Missouri, under Docket No.16SLCR01424-01. Movant did not appeal his conviction.

On June 15, 2020, movant filed the present document titled, "Affidavit and Declaration for Void Judgment," which this Court interprets as a motion to vacate, set aside or correct sentence brought pursuant to 28 U.S.C. § 2255. Because the document is not brought on a court form proper for filing motions to vacate, the Court will require movant to amend his motion to properly set forth his grounds for relief.

**Discussion**

Movant's motion to vacate, and his accompanying supplements to his motion, have not been drafted in a manner that complies with the Federal Rules. Because movant's allegations are spread throughout several documents and throughout so many different pages of text, it is difficult for the Court to review his assertions. As a result, the Court will direct petitioner to submit an amended motion to vacate on a court form.

Movant will be required to file an amended motion to vacate, on a court-form, containing all of the allegations he wishes to bring against the government. Simply put, **all** claims in this action must be included in one, centralized motion. Movant's claims must be stated in a succinct manner and any accompanying arguments should be accompanied by specific grounds for relief.

The Federal Rules require clarity in pleadings, including pleadings from pro se parties. Rule 2(c) of the Rules Governing Habeas Corpus Cases requires that a habeas petition "(1) specify all the grounds for relief available to the petitioner; (2) state the facts supporting each ground; (3) state the relief requested; [and] (4) be printed, typewritten, or legibly handwritten..." Rule 2(d) requires that the petition be drafted on the standard form or to substantially follow the form.

Rule 8(a) of the Federal Rules of Civil Procedure requires pleadings in the federal courts to contain a short and plain statement of the claim showing that the pleader is entitled to relief . . . Rule 8 is applicable to habeas actions pursuant to Rule 12 of the Rules Governing § 2254 Cases.

Movant is warned that the filing of the amended motion to vacate **completely replaces** the original and any supplemental motions or memoranda and claims that are not re-alleged are deemed abandoned. Movant's failure to file an amended motion to vacate within the thirty (30) day time period will result in a dismissal of this action, without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk shall mail to movant a form for filing a motion to vacate pursuant to 28 U.S.C. § 2255.

**IT IS FURTHER ORDERED** that movant shall utilize the form and submit an amended motion to vacate that complies with this Memorandum and Order within thirty (30) days of the date of this Memorandum and Order.

**IT IS FURTHER ORDERED** that movant's failure to amend his motion to vacate in accordance with the instructions set forth in this Memorandum and Order will result in a dismissal of this action without prejudice.

Dated this 17th day of August, 2020.

Ronnie L. White
RONNIE L. WHITE
UNITED STATES DISTRICT JUDGE